### IN THE UNITED STATES DISTRICT COURT FOR THE
### WESTERN DISTRICT OF TEXAS
### AUSTIN DIVISION

| | | |
|---|---|---|
| **Joshua Ragains** | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Civil Action No.** <u>1:13-cv-681</u> |
| | § | |
| **Roger Beasley Collision, Inc.** | § | |
| **Roger Beasley Mazda Inc.,** | § | |
| **Autogroup Premier, Inc., d.b.a** | § | |
| **Roger Beasley Mazda of Georgetown** | § | |
| **Defendants** | § | |

## PLAINTIFF'S COMPLAINT

### PRELIMINARY STATEMENT

COMES NOW Plaintiff, Joshua Ragains, (hereinafter "Plaintiff" or "Mr. Ragains") hereby brings his complaint against the above-named Defendants, Autogroup Premier, Inc., d.b.a Roger Beasley Mazda of Georgetown ("Roger Beasley Georgetown"), Roger Beasley Collision, Inc. and Roger Beasley Mazda Inc. d.b.a. Mazda South ("Mazda South") (all together known hereto as "Defendants" or "Roger Beasley entities").

This case involves Roger Beasley Mazda of Georgetown selling a one-time totaled vehicle as a "certified pre-owned" car to Joshua Ragains. Roger Beasley Mazda of Georgetown intentionally violated the requirements of the Federal Motor Vehicle Information and Cost Savings Act, 44 U.S.C. §32701, by not providing consumer disclosures on the vehicle title as mandated by Congress.

Roger Beasley Mazda of Georgetown knew full well the history of the wreck and the repairs, as the vehicle had been wrecked on the Roger Beasley Mazda Inc ("Mazda South") lot, repaired by Roger Beasley Collision, Inc., used as a commercial vehicle by Roger Beasley Collision for two years, and then somehow declared to be a "certified pre-

owned" car and sold for close to the new car price.  Roger Beasley entities broke multiple federal and state laws, putting an innocent purchaser and his young wife in danger, simply to make a little extra profit.

## PARTIES AND VENUE

**1.**     Plaintiff, Joshua Ragains, is a natural person who at the time of the transaction resided in Killeen, County of Bell, State of Texas, and is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c) and 15 U.S.C. § 1692a(3).

**2.**     Defendant, Autogroup Premier, Inc., d.b.a Roger Beasley Mazda of Georgetown, is a corporation organized and existing under the laws of Texas with a principal place of business located at 7551 IH 35 South, Georgetown, Texas 78626.   Defendant may be served by and through its registered agent, Roger Beasley, 6825 Burnet Road, Austin, Texas 78757.

**3.**     Defendant, Roger Beasley Collision, Inc., is a corporation organized and existing under the laws of Texas with a principal place of business located at 10420 Metric Boulevard, Austin, Texas 78757.   Defendant may be served by and through its registered agent, Roger Beasley, 6825 Burnet Road, Austin, Texas 78757.

**4.**     Defendant, Roger Beasley Mazda Inc. d.b.a. Mazda South, is a corporation organized and existing under the laws of Texas with a principal place of business located at 4506 IH 35 South, Austin, Texas 78747.   Defendant may be served by and through its registered agent, Roger Beasley, 6825 Burnet Road, Austin, Texas 78757.

**5.**     At all times herein mentioned, defendants, and each of them, were the agents, partners, joint venturers, representatives, servants, employees, successors-in-interest, co-conspirators and assigns, each of the other, and at all times pertinent hereto were acting within the course and scope of their authority as such agents, partners, joint venturers, representatives, servants, employees, successors, co-conspirators and assigns, and that all acts or omissions alleged herein were duly committed with the ratification, knowledge, permission, encouragement, authorization and consent of each defendant designated

herein.

**6.** This Court has jurisdiction under the Federal Motor Vehicle Information and Cost Savings Act, 49 U.S.C. §32710 and 28 U.S.C.§§1331, 1337, and has supplemental jurisdiction over the state claims under 28 U.S.C. §1367.

**7.** Venue is proper in this district under 28 U.S.C. §1391(f)(3) because defendants are licensed to do business or did and is doing business in this district.

**8.** Venue is proper in this district under 28 U.S.C. §1391(f)(1) as the transaction occurred in Georgetown, Williamson County, Texas.

## DIRECT, VICARIOUS AND PARTICIPATORY LIABILITY OF DEFENDANTS.

**9.** Defendants are joint and severally liable for the acts of each other under the following theories of direct, participatory and vicarious liability.

**10.** Roger Beasley Collision, Inc. and Roger Beasley Mazda, Inc. Defendants ratified any wrongful conduct of Autogroup Premier, Inc. d.b.a. Roger Beasley of Georgetown.

**11.** Autogroup Premier, Inc. d.b.a. Roger Beasley of Georgetown ratified any wrongful conduct of Roger Beasley Collision, Inc. and Roger Beasley Mazda, Inc.

**12.** For these reasons, when this pleading references the liability of one Defendant it applies equally to the other Defendant, unless otherwise indicated.

## FACTAL ALLEGATIONS

*Drunk driver crashes into multiple cars on Mazda South lot, at least one is "sold" to Roger Beasley Collision, repaired at great expense and used as company car*

**13.** At 12:48 a.m. on June 20, 2010, a drunk driver over-turned a Chevy Silverado pick-up truck on South IH-35 in Austin, Texas. The truck crashed over an embankment, taking out a metal barrier as it plummeted down onto four brand-new cars on the Roger Beasley Mazda South lot. The damage was compounded by the metal railing next to road being hit and crashing onto a fifth vehicle.

**14.** A brand new red 2010 Mazda 3 "MazdaSpeed," VIN #JM1BL1H38A1271534, sustained serious damage in the accident. The Mazda 3 "MazdaSpeed" came loaded with

a base price of $23,945.

**15.**     Roger Beasley South reported the accident to their insurance company, which declared the vehicle to be a "total loss" on June 20, 2010.

**16.**     On or around June 30, 2010, the Mazdaspeed was transferred from Roger Beasley South to "Roger Beasley Collision" for a total of $6000, or about 25% of base price prior to the accident.  The odometer at that time read 3.

**17.**     The MazdaSpeed was badly damaged, with the final invoice from "Roger Beasley Collision and Glass" showing $16,507.10 damage.

**18.**     The final invoice showed that repairing the totaled MazdaSpeed required 76.1 hours of labor on the body, which did not include the 37.4 hours of labor on refinishing, 9.5 hours of "mechanical" labor, 24 hours of labor repairing and replacing components of the frame, and 24.5 hours of labor replacing and repairing structural components of the Mazdaspeed.

**19.**     Roger Beasley Collision re-titled the vehicle in November 2010 as a commercial vehicle, and the body shop owned the MazdaSpeed until December 2011, when it was transferred to Roger Beasley Mazda of Georgetown.

### *The Mazdaspeed is sold as a certified pre-owned car to Joshua Ragains without the damage being disclosed*

**20.**     Joshua Ragains is a linguist in the United States Army and in 2012, while living in Killeen, Texas, he learned that Roger Beasley of Georgetown had a certified pre-owned MazdaSpeed for sale.  This was a car he had been interested in so he drove to Georgetown to check it out.

**21.**     Little did Mr. Ragains know that this was the same vehicle, VIN #JM1BL1H38A1271534, that had been crushed by the falling full-size pick-up truck two years previous.  The vehicle had been transferred (for no known price) to Roger Beasley of Georgetown.

**22.**     Roger Beasley of Georgetown sold Mr. Ragains this repaired salvage car as a "Certified Pre-Owned" 2010 Mazda 3 "Mazdaspeed" with 13,021 miles for $21,150.77.

**23.**     Pursuant to the Mazda Certification Program, Mazda dealerships are required to only use the designation "certified vehicles" for vehicles that have passed a comprehensive 150 point vehicle inspection.

**24.**     At the time of the purchase of the Vehicle by Mr. Ragains, there is no way the Mazdaspeed fulfilled the requirements of the Certification Program.

*Roger Beasley of Georgetown hides the paper title when transferring vehicle so Mr.*

*Ragains does not see "Roger Beasley Collision" was prior owner*

**25.**     Despite having a paper title (showing the vehicle was owned by Roger Beasley Collision and then transferred to Roger Beasley Georgetown), Roger Beasley of Georgetown had Mr. Ragains sign a power of authority allowing a Roger Beasley employee to sign the title on Mr. Ragains' behalf.

**26.**     This bit of trickery kept Mr. Ragains from asking any questions, such as "why was this car owned by a body shop?" or "What did the body shop use this vehicle for? Was it a loaner vehicle?"

**27.**     According the to Texas Department of Motor Vehicles dealership manual for 2012, "there are only two conditions when the use of the secure power of attorney form is appropriate: when the title is held by the lienholder, and/or; when the title is lost." Neither is applicable here; Roger Beasley of Georgetown was purposely violating Federal and state law in order to hide the fact the vehicle was severely damaged and was owned by Roger Beasley Collision.

**28.**     Mr. Ragains was excited about his purchase of the sporty red car with such low mileage and certified used designation, which he understood to mean that the car was in great condition.   Roger Beasley of Georgetown provided Mr. Ragains with a long checklist of all the systems and parts that were inspected and found in good condition on this "certified pre-owned" vehicle.

**29.**     In addition, Roger Beasley of Georgetown sold Mr. Ragains a extended service contract for $2,250 and GAP insurance for approximately $590.68.

**30.**     Roger Beasley of Georgetown showed Mr. Ragains the Carfax for the Mazda 3,

which showed an accident on June 10, 2010, when the vehicle had actually been at a Roger Beasley dealership before it was ever sold to a buyer.

**31.**     Roger Beasley of Georgetown, who had full knowledge of the extent of the accident as it happened when Roger Beasley Mazda South owned it, told Mr. Ragains that the accident was *minor*.  Since the car was certified, Mr. Ragains had no reason to doubt Roger Beasley of Georgetown.

**32.**     Mr. Ragains had no idea that the vehicle had been declared a total loss because Roger Beasley of Georgetown, in collusion with the other Roger Beasley entities, purposely hid the extent of the damage from Mr. Ragains in order to make the sale.

**33.**     According to Mazda North American Operations, if a vehicle has been totaled or salvaged and repaired or in a major accident with frame or structural damage, the vehicle is disqualified immediately from the Certified Pre-Owned program (CPO).

**34.**     Additionally, all vehicles previously registered as commercial vehicles are disqualified from the Certified Pre-Owned program (CPO).

***Over a year later, Mr. Ragains learns his vehicle is practically worthless as it sustained such major structural and frame damage and Carfax shows "total loss"***

**35.**     On April 26, 2013, Mr. Ragains was stationed in California, and his wife was pregnant with their first child.  Wanting to move up to a larger vehicle, he went to a dealership to trade in his Mazda 3.

**36.**      When the dealership obtained a Carfax on his vehicle they advised him that the vehicle had been totaled on June 20, 2010 when it "hit a fixed object" and sustained moderate to severe right rear damage.  The Carfax also showed that the vehicle was declared, by an unnamed insurance agency, to be a total loss.  Unfortunately for Mr. Ragains, this notation did not appear on the Carfax until February 25, 2012 – a month after he purchased the vehicle.

**37.**     Mr. Ragains then contacted Sid Misle, General Manager for Roger Beasley of Georgetown, to discuss the fact that the vehicle he had purchased as a CPO vehicle had actually been totaled.  Mr. Misle said that he was unaware that the damage to the vehicle

was that bad.  He told Mr. Ragains the vehicle should not have been certified but that "the issue would be taken care of in a few weeks".

***Roger Beasley entities attempt to again cover up the damage, somehow getting Carfax changed***

**38.**     On June 10, 2013, after "the issue was taken car of", Mr. Ragains again went to the California dealership and obtained another Carfax which now stated that the vehicle had structural damage; however, there was no total loss reported.

**39.**     Mr. Ragains spoke with a current and long time Roger Beasley employee, who informed Mr. Ragains that the vehicle he purchased was damaged when the drunk driver swerved off the road and collided with multiple vehicles on the Roger Beasley Mazda South lot.

**40.**     This employee also informed Mr. Ragains that a partner of Roger Beasley had kept the vehicle for his own and company use after it had extensive repairs performed in-house at the Roger Beasley Collision & Auto Glass Center.

**41.**     Mr. Ragains obtained the invoice for the repairs to the vehicle that indicated that there was structural damage to the vehicle, including the frame. The total cost of the repairs was $16,507.10.

**42.**     Mr. Ragains would not have bought the car if:

      a.  he had known that it had been owned by a the Roger Beasley in-house collision repair shop;

      b.  if he had known that the car had been wrecked.

**43.**     As a result of Roger Beasley's actions, Mr. Ragains suffered actual damages, including, but not limited to, paying a price grossly in excess of the fair market value of the car and being deprived from the chance to build up equity in a car he could sell at a later date.

**44.**     Mr. Ragains attempted to seek resolution to the issue himself, but the only offer provided by Roger Beasley did not take into account the full amounts he had paid into the car for over a year nor his opportunity costs and noneconomic damages.

**45.**     Plaintiff seeks a trebling of his economic damages sustained as a result of Defendant's intentional and knowing actions.

**46.**     Plaintiff seeks emotional distress damages as a result of Defendant's intentional violations.

**47.**     Plaintiff seeks a trebling of his emotional distress damages as Defendant's actions were knowing.  Defendant purposely hid the vehicle's condition in order to harm Plaintiff by cheating him out of his money.

**48.**     The above referenced statement of facts is incorporated by referenced for the following causes of action.

### Cause of Action #1 :  Violation of Federal Motor Vehicle Information and Cost Savings Act

#### Against Autogroup Premier Inc., d.b.a. Roger Beasley Mazda of Georgetown

**49.**     Defendant Autogroup Premier Inc., d.b.a. Roger Beasley Mazda of Georgetown violated the Federal Motor Vehicle Information and Cost Savings Act by failing to give proper disclosures in transferring the car, in violation of 49 U.S.C. §32701 et seq.

**50.**     Defendant Roger Beasley Mazda of Georgetown violated the Federal Motor Vehicle Information and Cost Savings Act with knowledge intent to defraud.

**51.**     At all times material hereto, Mr. Ragains was a "transferee" as said term is defined at 49 C.F.R. §580.30.

**52.**     At all times material, the Dealership was a "dealer" as said term is defined under 49 U.S.C. §32702(2) and a "transferor" as defined by 49 C.F.R. §580.30.

**53.**     At all times material hereto, the Vehicle was a "motor vehicle" as said term is defined under 49 U.S.C. §32101(7).

**54.**     The Dealership failed to provide Mr. Ragains with the actual title certificate, for his examination and signature, as required by 49 U.S.C. §32705 and 49 C.F.R. §580.5.

**55.**     A true and correct copy of the title certificate is attached hereto as Exhibit "A."

**56.**     The title certificate for the Vehicle clearly designated the Vehicle as having been

previously owned by Roger Beasley Collision, Inc.

**57.**     By not producing the actual title certificate, the Dealership was able to hide the pre-existing damage and previous owner of the vehicle.

**58.**     The Dealership designed and employed this tactic of requesting Mr. Ragains to sign a power of attorney and other Transfer Forms instead of the actual title certificate as required under federal law with the specific intent of perpetuating a fraud and deception on Mr. Ragains of selling a previously wrecked company-owned car to Mr. Ragains.

**59.**     The Dealership intentionally manipulated title procedures both to mislead Mr. Ragains and to assist it in the sale of a wrecked car for a very high price.

**60.**     As an experienced franchise motor vehicle dealer, the Dealership knew or should have known of the Act and its regulatory requirements regarding disclosures and deliberately and recklessly disregarded what the law required.

**61.**     The Dealership deliberately deceived Mr. Ragains through the oral and written misrepresentations and non-disclosures referred to above.

**62.**     The Dealership has violated the Act in that the Dealership made a false statement to a transferee in violation of 49 U.S.c. §32705(a) and 49 C.F.R. §580.4.

**63.**     The Dealership violated the Act with the specific intent to defraud.

**64.**     As a direct and proximate result of the violations of the Act, the Dealership is liable to Mr. Ragains in the sum of three times his actual damages or $1,500.00, whichever is greater.

**65.**     Pursuant to 49 U.S.C. §32710(b), Mr. Ragains is entitled to recover his reasonable attorneys fees and court costs upon entry of judgment in his favor.

### Cause of Action #2 – Violations of the Deceptive Trade Practices Act

### *Against Autogroup Premier Inc., d.b.a. Roger Beasley Mazda of Georgetown*

**66.**     Plaintiff is a consumer under the DTPA because he is an individual who acquired goods by purchase as defined by the DTPA.

**67.**     Defendants are a corporation that can be sued under the DTPA.

68.     Defendant violated the Texas Deceptive Trade Practices Act when Defendant and its employees:

   a.   §17.46(b)(7) represented that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another; and

   b.   2117.46(b)(23) failed to disclose information concerning goods or services which was known at the time of the transaction if such failure to disclose such information was intended to induce the consumer into a transaction into which the consumer would not have entered had the information been disclosed.

69.     Defendant committed "false, misleading, or deceptive acts or practices" within the meaning of Tex. Bus. & Com. Code §17.46(a).   Scienter is not a prerequisite for D.T.P.A. liability.  Defendant's actions also constitute an "unconscionable action or course of action" which, to Plaintiff's detriment, took advantage of the lack of knowledge, ability, experience, or capacity of Plaintiff to a grossly unfair degree in violation of Tex. Bus & Com. Code §17.50(a)(3).

70.     Plaintiff is entitled to recover treble damages under Tex. Bus. & Com. Code §17.50(b)(1) because Defendant acted knowingly.  As defined in the context of D.T.P.A. the "knowingly" standard is effectively a recklessness or conscious indifference standard because it does not require a specific intent by the Defendant to harm the consumer.  The conduct of Defendant was committed knowingly because, at the time of the acts and practices complained of Defendant had actual awareness of the falsity, deception, or unfairness of the acts or practices giving rise to Plaintiff's claim.  In addition, and/or in the alternative, Defendant acted knowingly because it had actual awareness of the act, practice, condition, defect, or failure constituting the breach of warranty.

71.     In addition to and/or in the alternative to its knowing conduct, Defendant acted intentionally because, at the time of the acts and practices complained of Defendant had actual awareness of the falsity, deception, or unfairness of the act or practice and acted

with a specific intent that Plaintiff acted in detrimental reliance on the falsity or deception or in detrimental ignorance of the unfairness.  *See* Tex. Bus. & Com. Code §§17.45(13), 17.50(a)(1), (3).  Defendant had actual awareness of the condition, defect, or failure constituting the breach of warranty giving rise to Plaintiff's claim and acted with a specific intent that Plaintiff act in detrimental reliance on the falsity or deception or in detrimental ignorance of the unfairness.  *See* Tex. Bus. & Com. Code §§17.45(13), 17.50(a)(2).  Plaintiff is entitled to recover treble damages under Tex. Bus. & Com. Code §17.50(b)(1) because Defendant acted intentionally.

**72.**     The conduct of Defendant was a producing cause of the economic damages incurred by Plaintiff. Plaintiff's unliquidated damages are within the jurisdictional limits of the court.  In addition to and/or in the alternative to the above referenced economic damages, Plaintiff seeks rescission and restitution, along with consequential damages and "any other relief the court deems proper." *See* Tex. Bus. & Com. Code §17.50(b)(3) & (4).

**73.**     Plaintiff is entitled to recover reasonable and necessary attorney fees and costs under Tex. Bus. & Com. Code §17.50(d).  *See Arthur Andersen & Co. v. Perry Equip. Corp.*, 945 S.W.2d 812, 819 (Tex. 1997).The purpose for establishing mandatory attorney's fees is to protect the ordinary consumer from false, misleading or deceptive trade practices by well-funded defendant.

**74.**     Plaintiff seeks an order permanently enjoining from Defendant violating the D.T.P.A., warranty, and common law and statutory rights of consumers. *See* Tex. Bus. & Com. Code §17.50(b)(2).

**75.**     Should Plaintiff obtain judgment against Defendant and said judgment is not satisfied within 30 days, Plaintiff will seek to place the business of Defendant into receivership.  *See* Tex. Bus. & Com. Code Ann. § 17.59.  The purpose of the receivership is to administer Defendant's businesses in a manner that will promptly satisfy Plaintiff's judgment against it.   *See* Tex. Bus. & Com. Code §17.50(b)(4).  Should Plaintiff obtain judgment against Defendant and said judgment is not satisfied within three months,

Plaintiff will seek to revoke or suspend the license or certificate authorizing the Defendant to do business in this state. *See* Tex. Bus. & Com. Code Ann. § 17.50(b)(4).

### Cause of Action #3—Breach of Express Warranties

#### *Against Autogroup Premier Inc., d.b.a. Roger Beasley Mazda of Georgetown*

**76.**     All breach of warranty claims in this suit are brought independently as well as through the D.T.P.A. pursuant to 17.50(a)(2).  D.T.P.A. damages sought through these claims are not limited to economic damages but rather include actual damages pursuant to Tex. Bus. & Com. Code §17.50(h).

**77.**     The certification as a "certified pre-owned" Mazda came with affirmations of fact and promises that became part of the basis of the bargain, creating an express warranty that the vehicle shall conform to the affirmation or promise.

**78.**     Defendant made affirmations of fact or promise to Plaintiff that related to the vehicle and became part of the basis of the bargain. This creates an express warranty that the vehicle shall conform to the affirmation or promise. Tex. Bus. & Com. Code §2.313(a)(1). These representations related to the vehicle and to and became part of the basis of the bargain. This created an express warranty that the vehicle shall conform to the affirmation or promise.  The vehicle did not conform to these representations. Defendant made descriptions of the vehicle that were made part of the basis of the bargain. The created an express warranty that the vehicle shall conform to the description. Tex. Bus. & Com. Code §2.313(a)(2). This created an express warranty that the vehicle shall conform to the description. It did not.

### Cause of Action #4—Breach of Implied Warranty of Merchantability

#### *Against all Defendants*

**79.**     Plaintiff was sold a vehicle that was not merchantable. As indicated above, Plaintiff was provided with express warranties. Providing express warranties also attaches by operation of law the implied warranty of merchantability. In order to be

merchantable, the vehicle would have to be fit for the ordinary purpose for which it used, and do so with reasonable safety, efficiency and comfort.  U.C.C. § 2-314(2). It was not. Plaintiff suffered injury from Defendant's breach of the warranty of merchantability.  *See* Tex. Bus. & Com. Code §2.314 & cmt. 13; Tex. Bus. & Com. Code §2.607(c)(1); Tex. Bus. & Com. Code §2.314; Tex. Bus. & Com. Code §2.315.  *See also Hyundai Motor Co. v. Rodriguez*, 995 S.W.2d 661, 667-68 (Tex. 1999); *Plas-Tex, Inc. v. U.S. Steel Corp.*, 772 S.W.2d 442, 444 (Tex. 1989).

**80.**     Since the vehicle that is the subject of this suit was sold with extended warranties, the Magnuson Moss Act prevents the disclaimer of the implied warranty of merchantability for the period of the extended warranty. 15 U.S.C. 2308(a). Plaintiff brings warranty claims through the Magnuson Moss act.

### Cause of Action #5—Fraud.

#### *Against all Defendants*

**81.**     The actions of Defendants demonstrate that they made or facilitated material and false representations about the vehicle and condition of vehicle.

**82.**     When Defendants made the representations, they knew them to be false; or made the representations recklessly, as a positive assertion, and without knowledge of its truth. Defendant made the representations with the intent that Plaintiff act on it. Plaintiff in fact relied on the representations, causing Plaintiff injury.  *See Stum v. Stum*, 845 S.W.2d 407, 416 (Tex.App.--Fort Worth 1992), *overruled on other grounds, Humphreys v. Meadows*, 938 S.W.2d 750, 751 (Tex.App.--Fort Worth 1996, writ denied).

### Cause of Action #6—Intentional Misrepresentation.

#### *Against all Defendants*

**83.**     Defendant made false statements of fact; made promises of future performance with an intent, at the time the promise was made, not to perform as promised; made statements of opinion based on a false statement of fact; made statements of opinion that

the maker knew to be false; or made an expression of opinion that was false, while claiming or implying to have special knowledge of the subject matter of the opinion. Plaintiff relied on the misrepresentations of Defendant and suffered physical and economic harm. *Johnson & Higgins of Texas, Inc. v. Kenneco Energy, Inc.*, 962 S.W.2d 507, 524 (Tex. 1998).

### JURY DEMAND

84.    Plaintiff makes demand for trial by jury and tenders the appropriate fee.

### PRAYER.

For these reasons, Plaintiff asks he have judgment against Defendant for the following:

i.      Economic and actual damages within the jurisdictional limits of this court;

ii.     An injunction to prohibit Defendant from committing similar violations in the future and to revoke Defendant license to sell vehicles in Texas.

iii.    Treble economic damages;

iv.     Treble actual damages;

v.      Attorney fees and costs;

vi.     Exemplary and punitive damages;

vii.    Prejudgment and post-judgment interest as allowed by law;

viii.   Costs of suit;

ix.     General relief; and

x.      All other relief, in law and in equity, to which Plaintiffs may be entitled.

Respectfully submitted,

Amy E. Clark Kleinpeter
Attorney for Defendant
State of Texas Bar Number: 24043761
Hill Country Consumer Law
11940 Jollyville Rd. 220-S
Austin, TX 78759
Phone: (512) 850-5290

# Exhibit A

TEXAS DEPARTMENT OF MOTOR VEHICLES

98385497

| VEHICLE IDENTIFICATION NUMBER | YEAR MODEL | MAKE OF VEHICLE | BODY STYLE |
|---|---|---|---|
| JM1BL1H38A1271534 | 2010 | MAZD | 4H |

TITLE/DOCUMENT NUMBER — DATE TITLE ISSUED

22720740511081811  12/09/2010

| MODEL | MFG. CAPACITY IN TONS | WEIGHT | LICENSE NUMBER |
|---|---|---|---|
| MS3 | | 2800 | CJ9H039 |

**PREVIOUS OWNER**
MAZDA SOUTH AUSTIN TX

ODOMETER READING
3

**OWNER**
ROGER BEASLEY COLLISION
10420 METRIC BLVD
AUSTIN, TX 78758

REMARK(S)
ACTUAL MILEAGE

X _Dents Hamb V. Pamver_

SIGNATURE OF OWNER OR AGENT MUST BE IN INK

UNLESS OTHERWISE AUTHORIZED BY LAW, IT IS A VIOLATION OF STATE LAW TO SIGN THE NAME OF ANOTHER PERSON ON A CERTIFICATE OF TITLE OR OTHERWISE GIVE FALSE INFORMATION ON A CERTIFICATE OF TITLE.

| DATE OF LIEN | 1ST LIENHOLDER |
|---|---|
| NONE | |

1ST LIEN RELEASED _____ DATE

BY _____ AUTHORIZED AGENT

| DATE OF LIEN | 2ND LIENHOLDER |
|---|---|
| | |

2ND LIEN RELEASED _____ DATE

BY _____ AUTHORIZED AGENT

| DATE OF LIEN | 3RD LIENHOLDER |
|---|---|
| | |

3RD LIEN RELEASED _____ DATE

BY _____ AUTHORIZED AGENT

IT IS HEREBY CERTIFIED THAT THE PERSON HEREIN NAMED IS THE OWNER OF THE VEHICLE DESCRIBED ABOVE WHICH IS SUBJECT TO THE ABOVE LIENS.

**RIGHTS OF SURVIVORSHIP AGREEMENT**
WE, THE PERSONS WHOSE SIGNATURES APPEAR HEREIN, HEREBY AGREE THAT THE OWNERSHIP OF THE VEHICLE DESCRIBED ON THIS CERTIFICATE OF TITLE SHALL FROM THIS DAY FORWARD BE HELD JOINTLY, AND IN THE EVENT OF DEATH OF ANY OF THE PERSONS NAMED IN THE AGREEMENT, THE OWNERSHIP OF THE VEHICLE SHALL VEST IN THE SURVIVOR(S).

SIGNATURE _____ DATE

SIGNATURE _____ DATE

SIGNATURE _____ DATE

FORM 30-C REV. 2/2010          DO NOT ACCEPT TITLE SHOWING ERASURE, ALTERATION, OR MUTILATION.

4

**WHEN VEHICLE IS SOLD, TITLE HOLDER MUST ASSIGN AND FURNISH THIS TITLE, CURRENT LICENSE RECEIPT, AND SIGNED APPLICATION FOR TITLE (FORM 130-U) INDICATING DATE OF SALE AND SALES PRICE TO THE PURCHASER WHO MUST FILE APPLICATION WITH COUNTY TAX ASSESSOR-COLLECTOR WITHIN 20 WORKING DAYS TO AVOID PENALTY.**

▶ **FEDERAL AND STATE LAW REQUIRES THAT YOU STATE THE MILEAGE IN CONNECTION WITH THE TRANSFER OF OWNERSHIP. FAILURE TO COMPLETE OR PROVIDING A FALSE STATEMENT MAY RESULT IN FINES AND/OR IMPRISONMENT.**

## ASSIGNMENT OF TITLE

The undersigned hereby certifies that the vehicle described in this title is free and clear of all liens, except as noted herein, and has been transferred to the following printed name and address:

*Roger Beasley Mazda   7601 I-H35 South*

Name of Purchaser — Street — City *Georgetown TX 78626* — State — Zip

I certify to the best of my knowledge that the odometer reading is the actual mileage of the vehicle unless one of the following statements is checked:

*12903*

ODOMETER READING (No Tenths)

☐ 1. The mileage stated is in excess of its mechanical limits.
☐ 2. The odometer reading is not the actual mileage. WARNING - ODOMETER DISCREPANCY.

Date of Sale *12/22/11*   Signature of Seller/Agent   *Roger Beasley Collision*

Printed Name (same as signature)   **LISA RODRIGUEZ**

I am aware of the above odometer certification made by the seller/agent.

Signature of Buyer/Agent

## FIRST REASSIGNMENT DEALER ONLY

The undersigned hereby certifies that the vehicle described in this title is free and clear of all liens, except as noted herein, and has been transferred to the following printed name and address:

**JOSHUA L RAGAINS   1001 N TWIN CREEK DR APT 1611   KILLEEN TX 76543**

Name of Purchaser — Street — City — State — Zip

I certify to the best of my knowledge that the odometer reading is the actual mileage of the vehicle unless one of the following statements is checked:

*13021*

ODOMETER READING (No Tenths)

☐ 1. The mileage stated is in excess of its mechanical limits.
☐ 2. The odometer reading is not the actual mileage. WARNING - ODOMETER DISCREPANCY.

Date of Sale *1/17/2012*   Roger Beasley Mazda   Georgetown   Dealer No. **P47366**

Dealer's Name   **ELSA SALINAS**

Agent's Signature   Printed Name (same as signature)

I am aware of the above odometer certification made by the seller/agent.

Signature of Buyer/Agent   **JOSHUA L RAGAINS**   Printed Name (same as signature)

## SECOND REASSIGNMENT DEALER ONLY

The undersigned hereby certifies that the vehicle described in this title is free and clear of all liens, except as noted herein, and has been transferred to the following printed name and address:

Name of Purchaser — Street — City — State — Zip

I certify to the best of my knowledge that the odometer reading is the actual mileage of the vehicle unless one of the following statements is checked:

ODOMETER READING (No Tenths)

☐ 1. The mileage stated is in excess of its mechanical limits.
☐ 2. The odometer reading is not the actual mileage. WARNING - ODOMETER DISCREPANCY.

Date of Sale   Dealer No.

Dealer's Name

Agent's Signature   Printed Name (same as signature)

I am aware of the above odometer certification made by the seller/agent.

Signature of Buyer/Agent   Printed Name (same as signature)

## THIRD REASSIGNMENT DEALER ONLY

The undersigned hereby certifies that the vehicle described in this title is free and clear of all liens, except as noted herein, and has been transferred to the following printed name and address:

**SURRENDERED**

Name of Purchaser — Street — City — State — Zip

I certify to the best of my knowledge that the odometer reading is the actual mileage of the vehicle unless one of the following statements is checked:

ODOMETER READING (No Tenths)

☐ 1. The mileage stated is in excess of its mechanical limits.
☐ 2. The odometer reading is not the actual mileage. WARNING - ODOMETER DISCREPANCY.

Date of Sale   Dealer No.

Dealer's Name

Agent's Signature   Printed Name (same as signature)

I am aware of the above odometer certification made by the seller/agent.

Signature of Buyer/Agent   **VELOCITY CREDIT UNION**   Printed Name (same as signature)

## LIEN

LIENHOLDER TO BE RECORDED AND SHOWN ON NEW TITLE   **PO BOX 1089, AUSTIN, TX 78767**
1ST LIEN IN FAVOR OF (NAME & ADDRESS)

5