IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| Joshua Ragains | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 1:13-CV-00681 SS |
| | § | |
| Roger Beasley Collision, Inc. | § | |
| Roger Beasley Mazda Inc., | § | |
| Autogroup Premier, Inc., d.b.a | § | |
| Roger Beasley Mazda of Georgetown | § | |
| Defendants | § | |

PLAINTIFF'S MEMORANDUM IN SUPPORT OF MOTION TO EXTEND TIME

PLAINTIFF asks the Court to extend the time to respond to Defendants' motion to dismiss and motion, as authorized by Federal Rule of Civil Procedure 6(b).

A. INTRODUCTION

1. Plaintiff is Joshua Ragains; defendant is Roger Beasley Collision, Inc., Roger Beasley Mazda, Inc., Autogroup Premier, Inc., d.b.a. Roger Beasley Mazda of Georgetown.

2. Plaintiff sued defendant for fraud, violations of odometer act, violations of Magnuson-Moss Act and violations of Deceptive Trade Practices Act.

3. Plaintiff must respond to Defendant's motion to dismiss or in the alternative, Defendant's verified plea in abatement.

4. Defendant was required to respond to said motion by September 19, 2013.

5. Plaintiff filed this motion to extend time as soon as he became aware of the need for additional time, which was after the deadline.

B. ARGUMENT

6. A court may grant a motion to extend time filed after the deadline if the motion shows proof of good cause and if the failure to act timely was the result of excusable neglect. Fed. R. Civ. P. 6(b)(1)(B); *In re Cendant Corp. Prides Litig.*, 233 F.3d 188, 195-96 (3d Cir. 2000). In determining whether there is excusable neglect, a court should consider the following: (1) the prejudice to the nonmovant, (2) the

length of the delay and its potential impact on the judicial proceedings, (3) the reason for the delay and whether it was within the reasonable control of the movant, and (4) whether the movant acted in good faith. *Yesudian v. Howard Univ.*, 270 F.3d 969, 971 (D.C. Cir. 2001); *see Pioneer Inv. Servs. Co. v. Brunswick Assocs. L.P.*, 507 U.S. 380, 395 (1993). {*See O'Connor's Federal Rules*, "Excusable neglect," ch. 5-F, §4.2.4(2), p. 333.}

7. The Court should grant Plaintiff's request for an extension of time to respond to the motion to dismiss until September 30, for the following reasons:

   a. Defendant will not be prejudiced by the extension of time, in particular as Plaintiff has filed a notice of non-objection to the request for abatement, so the litigation is halted at this time;

   b. The delay in filing the response has not been unreasonable. Plaintiff filed this motion to extend time as soon as he became aware of the need for additional time and that the filing deadline had passed. Plaintiff's counsel was out of the office from September 13 through September 25, 2013, first to coordinate her family's move but then she was out for a week from illness.

   c. The potential impact of the delay on the judicial proceedings is not significant. Defendant has requested abatement and Plaintiff has filed a notice of non-objection to this and so litigation is currently abated.

   d. The reason for the delay was beyond Plaintiff's control. Plaintiff did not have reasonable control over getting the response filed because Plaintiff's counsel was ill.

   e. Plaintiff has acted in good faith.

### C. CONCLUSION

8. Plaintiff requests a continuance of time to file response to the Defendant's motion to dismiss. Plaintiff has also filed a notice of non-opposition to Defendant's request to abate, so litigation is currently paused. For these reasons, Plaintiff asks the Court to extend the time to respond to the Defendants' motion to dismiss until September 30, 2013.

> Respectfully submitted,
>
> /s/ *Amy E. Clark Kleinpeter*
>
> Amy E. Clark Kleinpeter
> Attorney for Plaintiff
> State of Texas Bar Number: 24043761
> Hill Country Consumer Law

11940 Jollyville Rd. 220-S
Austin, TX 78759
Phone: (512) 850-5290

**CERTIFICATE OF SERVICE**

I certify that I have on this 27 day of September 2013, served the foregoing via Notice of Electronic filing using this Court's CM/ECF system to counsel of record participating in the CM/ECF system, or by placing signed copies in the United States mail, postage prepaid, to counsel not participating in the CM/ECF system.

*/s/ Amy E. Clark Kleinpeter*
Amy E. Clark Kleinpeter